IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANTHONY M. GREEN                                                                                    PLAINTIFF

v.                                       Civil No. 6:23-cv-06015-SOH-CDC

MR. BASSHAM and MS. HOSMAN                                                              DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on January 9, 2023. (ECF No. 2). It was transferred to this District on February 14, 2023. (ECF No. 5). On February 16, 2023, the Court entered Orders directing Plaintiff to submit an *in forma pauperis* ("IFP") application and an Amended Complaint by March 9, 2023. (ECF Nos. 7, 8). Plaintiff filed his Amended Complaint on March 3, 2023. (ECF No. 10). When Plaintiff failed to submit his IFP application, the Court entered a Show Cause Order on April 6, 2023, directing Plaintiff to respond by April 27, 2023. (ECF No. 13). Plaintiff filed his IFP application on April 13, 2023, and was granted IFP status on April 17, 2023. (ECF Nos. 14, 15).

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

For his first claim, Plaintiff names Defendants Hosman and Bassham. (ECF No. 10 at 4). He alleges he was placed in Housing I Barracks 2-207 by the classification committee at the Arkansas Division of Correction Ouachita River Unit, which he states is run by Defendant Hosman. (*Id*. at 5). He alleges the barracks contained black mold, which caused him to suffer from headaches, dizziness, and vomiting. He alleges he "felt like I was dieing [sic]." (*Id*.). He further alleges "it took days for me to realize I had been exposed to black mold. Also my dry coughs still continue." (*Id*.). Plaintiff alleges black mold "can be deadly" and can have a "long term effect on the human body and health." (*Id*. at 4). Plaintiff identifies the date of occurrence for this incident as October 26, 2022. (*Id*. at 4). Plaintiff does not identify any actions or inactions by Defendant Bassham in this claim.

Plaintiff proceeds against both Defendants in their individual and official capacity. (*Id*. at 5). As his official capacity claim, he alleges "the environmental against correctional system is an abject failure." (*Id*.). He then deplores the overall state of "America's prisons and jails." (*Id*.).

For his second claim, Plaintiff again names Defendants Hosman and Bassham. (*Id*. at 6). He alleges he asked for medical care after he realized he was exposed to black mold and Defendant Bassham did not respond. He alleges he submitted a request on the kiosk and on paper and "they never respond." (*Id*.). Plaintiff identifies the date of occurrence for this incident as October 26, 2022. (*Id*.). Plaintiff does not identify any actions or inactions by Defendant Hosman in this claim.

Plaintiff proceeds against both Defendants in their individual and official capacity. (*Id*. at 5). As his official capacity claim, he alleges "'systemic deficiencies in staffing, facilities, or procedures [which] make unnecessary suffering inevitable.'" (*Id*. at 7). He appears to continue his allegation on this claim a page later on the form, stating both Defendants "did not intentionally[2]

---

[2] The actual word used was "Inetialy," which the Court inferred to be intentionally.

cause harm to me, but there job duties make me a liability." (*Id*. at 8). He further alleges they failed to evaluate living conditions and "neglect" which could have prevented this from happening. (*Id*.). Plaintiff alleges he was physically and mentally impacted. (*Id*.).

Plaintiff seeks compensatory and punitive damages for medical neglect and improper housing. (*Id*. at 9). He states his human rights have been violated, and the exposure could cause him long term internal illness. (*Id*.). He plans on informing "OSHA of this environmental." (*Id*.).

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal

3

framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff failed to allege sufficient facts to support either of his claims. Plaintiff's allegation that he was exposed to black mold for a single day fails to state a plausible conditions-of-confinement claim because the alleged exposure was too brief and not sufficiently serious. "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis,* 523 U.S. 833, 851 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan,* 511 U.S. 825, 832 (1994). "The Eighth Amendment prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities." *Smith v. Copeland,* 87 F.3d 265, 268 (8th Cir.1996). Jail or prison officials must provide reasonably adequate ventilation, sanitation, bedding, hygienic materials, food, and utilities. Prison conditions claims include threats to an inmate's health and safety. *Irving v. Dormire,* 519 F.3d 441, 446 (8th Cir. 2008) (citation omitted).

To state an Eighth Amendment claim the plaintiff must allege that prison officials acted with "deliberate indifference" towards conditions at the prison that created a substantial risk of serious harm. *Farmer v. Brennan,* 511 U.S. 825 (1994). "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces deprivation of a single, identifiable human need such as food, warmth, or exercise.' ." *Whitnack v. Douglas County,* 16 F.3d 954, 957 (8th Cir. 1994) (*quoting, Wilson v. Seiter* 501 U.S. 29, (1991)).

This standard involves both an objective and subjective component. The objective component requires an inmate to show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer,* 511 U.S. at 834, (1970) (citations omitted); *see also Hudson v. McMillian,* 503 U.S. 1 (1992) (The objective component is "contextual and responsive to contemporary standards of decency.") (quotation omitted). To satisfy the subjective component, an inmate must show that prison officials had "a sufficiently culpable state of mind." *Farmer,* 511 U.S. at 834 (citations omitted); *see also Brown v. Nix,* 33 F.3d 951, 954–55 (8th Cir. 1994). The Eighth Circuit has "repeatedly held mere negligence or inadvertence does not rise to the level of deliberate indifference." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017).

Here, Plaintiff alleges that he believes he believes he was exposed to black mold for one day, which fails to meet either component of the deliberate indifference test. Plaintiff's allegations fail to meet the objective component because his exposure was too brief and not sufficiently serious to support a conditions of confinement claim. *See Smith*, 87 F.3d 2 at 269 (holding that no constitutional violation occurred where prisoner slept in a cell that was flooded with raw sewage for multiple days). Plaintiff failed to meet the subjective component of the test because he expressly alleges neither Defendant meant to harm him; instead they were simply neglectful in performing their jobs. Thus, Plaintiff has alleged mere negligence, which is not sufficient to state a plausible conditions of confinement claim.

Likewise, denial or delay of medical care for one day for an unconfirmed medical condition fails to state a plausible medical indifference claim. The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment

claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)). To show that he suffered from an objectively serious medical need Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (citation omitted).

Here, Plaintiff fails to allege that he was ever diagnosed with any objectively serious medical need. Thus, he failed to meet the first prong of the medical indifference test. Further, he limits the delay of medical care as occurring on a single day. "A prisoner alleging a delay in treatment must present verifying medical evidence that the prison officials 'ignored an acute or escalating situation or that [these] delays adversely affected his prognosis.'" *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011). Plaintiff has not alleged the presence of an acute or escalating situation over the course of a day, and fails to allege that any delay in seeing medical staff adversely affected his medical prognosis. Instead he merely speculates that exposure to black mold could have a long term effect on his health. This is insufficient to state a medical indifference claim. *See*, *Martin* 780 F.2d at 1337 (even a *pro se* Plaintiff must allege specific facts sufficient to support a claim).

### IV.  CONCLUSION

For these reasons, it is recommended that: (1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff/Petitioner

is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **16th day of May 2023**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE