IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANTHONY M. GREEN                                                                           PLAINTIFF

v.                                          Civil No. 6:23-cv-6015

MR. BASSHAM and MS. HOSMAN                                                           DEFENDANTS

# ORDER

Before the Court is the Report and Recommendation issued by the Honorable Christy D. Comstock, United States Magistrate Judge for the Western District of Arkansas. ECF No. 17. Judge Comstock recommends that the Court dismiss the case pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Plaintiff has filed a timely objection to the Report and Recommendation. ECF No. 18. The Court finds the matter ripe for consideration.

## I. BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on January 9, 2023, bringing claims pursuant to 42 U.S.C. § 1983. ECF No. 2. Plaintiff's case was transferred to the Western District of Arkansas on February 14, 2023. ECF No. 5. On February 16, 2023, the Court entered Orders directing Plaintiff to submit an *in forma pauperis* ("IFP") application and an Amended Complaint by March 9, 2023. ECF Nos. 7 and 8. Plaintiff filed his Amended Complaint on March 3, 2023. ECF No. 10. When Plaintiff failed to submit his IFP application, the Court entered a Show Cause Order on April 6, 2023, directing Plaintiff to respond by April 27, 2023. ECF No. 13. Plaintiff filed his IFP application on April 13, 2023, and was granted IFP status on April 17, 2023. ECF Nos. 14 and 15.

Plaintiff brings two claims against Defendants Bassham and Hosman related to his confinement within the Arkansas Department of Corrections, Ouachita River Unit.[1] ECF No. 10, p. 4-8. His first claim alleges that Defendants subjected him to unconstitutional conditions of confinement in violation of the Eighth Amendment by placing him in a cell containing "black mold." His second claim alleges that he was denied necessary medical care in violation of the Eighth Amendment when Defendants failed to treat the effects of his exposure to the black mold in his cell. Plaintiff brings his claims against Defendants in their individual and official capacities.

Judge Comstock issued the instant Report and Recommendation on May 16, 2023. Judge Comstock concludes that Plaintiff has failed to allege sufficient facts to support both of his claims against Defendants. ECF No. 17, p. 4. Therefore, Judge Comstock recommends that Plaintiff's claims be dismissed for failure to state a claim upon which relief may be granted, that the Clerk be directed to place a strike flag on this case pursuant to 28 U.S.C. § 1915(g) for future judicial consideration, and that any appeal from dismissal of these claims would not be taken in good faith. *Id*. at p. 6-7. Plaintiff submitted a timely objection, which generally argues that Judge Comstock did not consider the full length of his confinement in evaluating his conditions of confinement claim. ECF No. 18.

## II. STANDARD OF REVIEW

In screening a *pro se* prisoner complaint, a court must dismiss any claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C.A. § 1915A. A complaint fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A document filed *pro se* is 'to be liberally construed' and 'a pro se complaint,

---

[1] Plaintiff refers to this as the "Malvern Unit" because of its location in Malvern, Arkansas.

however inartfully pleaded, must be held to less stringent standards that formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 95 (2007) (internal quotations and citations omitted). Evaluating a *pro se* prisoner complaint under § 1915A requires "accepting as true all of the factual allegations contained in the complaint and affording the plaintiff all reasonable inferences that can be drawn from those allegations." *Jackson v. Nixon*, 747 F.3d 537, 540-41 (8th Cir. 2014) (quotation omitted). However, the specific facts alleged in a *pro se* prisoner's complaint must still be sufficient to support their claims. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A party may submit written objections to a magistrate judge's findings and recommendations. Fed. R. Civ. P. 72(b)(2). The district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Objections must be specific to trigger a *de novo* review, and the lack of specific objections permits a court to only review the recommendations for clear error. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994). The Court must apply a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1990).

### III. DISCUSSION

#### A. Conditions of Confinement Claim

Plaintiff's first claim alleges that he was subjected to unconstitutional conditions of confinement by being placed in a cell containing black mold during his confinement at the Ouachita River Unit. ECF No. 10, p. 4-5. Plaintiff argues that such conditions are clearly inhumane and hazardous to his health and that he became sick as a result of his exposure. He contends that Defendant Hosman was the individual responsible for his placement in that particular

location of the facility. Plaintiff makes no specific allegations against Defendant Bassham for this claim. Plaintiff states that the violation occurred on October 26, 2022.

Judge Comstock's Report and Recommendation concludes that Plaintiff has failed to allege facts sufficient to establish a claim for unconstitutional conditions of confinement. ECF No. 17, p. 4-5. After noting that the standard for this claim requires alleging that there were conditions of confinement posing a substantial risk of harm and that prison officials were deliberately indifferent to that risk, Judge Comstock determines that Plaintiff failed to allege either. Judge Comstock finds that the single day Plaintiff listed as his exposure date to the alleged black mold, October 26, 2022, is insufficient to allege a sufficiently serious risk to his health. As to whether Defendants were deliberately indifferent, Judge Comstock finds that Plaintiff never alleges that Defendants were aware of the black mold and that his allegations do not go beyond simple negligence. Therefore, Judge Comstock recommends that Plaintiff's unconstitutional conditions of confinement claim be dismissed without prejudice for failure to state a claim.

Plaintiff's objection contends that he was in the cell far longer than the single day evaluated by Judge Comstock. ECF No. 18, p. 1. Plaintiff asserts that he was in the cell containing black mold from October 26, 2022, until November 29, 2022, after which he was transferred. While Plaintiff's complaint lists the date of occurrence for this claim as October 26, 2022, Plaintiff does allege that his realization of the presence of black mold came after "days" of exposure. ECF No. 10, p. 5. Considering the requirements that the complaint must be liberally construed, *see Jackson*, 747 F.3d at 540-41, and that Plaintiff's objection must be liberally construed, *see Hudson v. Gammon*, 46 F.3d at 786, the Court finds that this objection is sufficient to trigger a *de novo* review of this claim and Judge Comstock's recommendation.

The Eighth Amendment's protection against cruel and unusual punishment requires that the conditions of a prisoner's confinement be humane. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A claim asserting conditions of confinement that violate the Eighth Amendment requires showing the existence of "objectively harsh conditions of confinement" with "a subjectively culpable state of mind" by those who created the conditions. *Scott v. Correct Care Solutions*, 2021 WL1806560 at *3 (E.D. Ark. Apr. 20, 2021) (citing *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993)). Conditions of confinement are objectively unconstitutional when they deprive a prisoner of the "minimal civilized measure of life's necessities," *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (quotation omitted), or expose an inmate to "conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 843. A defendant's conduct must demonstrate "deliberate indifference to the health and safety of a prisoner" and that the defendant was "aware of but disregarded an excessive risk to inmate health or safety." *Revels*, 382 F.3d at 875. (quotations omitted). "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Young v. Selk*, 508 F.3d 868, 873 (8th Cir. 2007). "[M]ere negligence or inadvertence does not rise to the level of deliberate indifference." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017) (citation omitted).

The Court finds that Plaintiff has failed to allege facts sufficient to establish a claim for unconstitutional conditions of confinement. The Court accepts that Plaintiff's allegations regarding the mold and the time spent in his cell could be sufficient to satisfy the objective prong of his claim which requires that the conditions posed a serious risk of harm. *See Farmer*, 511 U.S. at 843. However, Plaintiff has completely failed to allege any facts that meet the requirements of the subjective prong of his claim. His complaint never alleges that either Defendant was aware of the potentially harmful conditions in his cell. This falls short of the need to allege that Defendants

were "aware of but disregarded an excessive risk to [Plaintiff's] health or safety." *Revels*, 382 F.3d at 875. At best, Plaintiff seems to allege negligence, which is not a mindset creating culpability for this claim. *Kulkay*, 847 F.3d at 643. Further, Plaintiff's objection does not attempt to assert a culpable mindset, but rather states that Defendants "did not intentionally or they probably wasn't [sic] aware of my conditions." ECF No. 18, p. 1. Accordingly, Plaintiff has failed to sufficiently state a claim alleging that he was subjected to conditions of confinement that violated the Eighth Amendment. The Court will adopt Judge Comstock's recommendation for this claim *in toto*.

### B. Denial of Medical Care Claim

Judge Comstock concludes that Plaintiff failed to allege facts sufficient to establish an Eighth Amendment claim for denial of medical care. ECF No. 17, p. 5-6. Judge Comstock determined that Plaintiff has not alleged facts sufficient to establish either of the two required prongs of such a claim: 1) that he was suffering from an objectively serious medical need; and 2) that prison staff knew of that need but deliberately disregarded that need. Judge Comstock recommends that this claim also be dismissed without prejudice. Plaintiff's objection does not address this aspect of Judge Comstock's Report and Recommendation and does not dispute any of the conclusions underlying it. Therefore, the Court reviews Judge Comstock's recommendation for clear error. *See Griffini*, 31 F.3d at 692.

Upon review, finding that there is no clear error from the face of the record and that Judge Comstock's conclusion is sound, the Court adopts the recommendation for this claim *in toto*. Accordingly, the Court finds that Plaintiff has failed to sufficiently state a claim for denial of medical care in violation of the Eighth Amendment.

## IV. CONCLUSION

For the reasons stated above, the Court adopts Judge Comstock's Report and Recommendation (ECF No. 17) *in toto*. Plaintiff's complaint (ECF No. 10) is hereby **DISMISSED WITHOUT PREJUDICE**. The Clerk is hereby **directed** to place a 28 U.S.C. § 1915(g) strike flag on the case for future judicial consideration. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this dismissal will not be taken in good faith.

**IT IS SO ORDERED**, this 21st day of June, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge